IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN CLARK, | : |
| | : Civil Action No. 4: 08-CV-0788 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : (Judge McClure) |
| WARDEN KEARNES, et al., | : |
| | : |
| Defendants. | : |
| | : |

**O R D E R**

August 14, 2008

**BACKGROUND:**

On April 28, 2008, plaintiff Jonathan Clark, <u>pro se</u>, an inmate at the Lebanon County Correctional Facility in Lebanon, Pennsylvania, filed the instant civil action pursuant to 42 U.S.C. § 1983 against defendants Warden Kearnes, Nurse Debra Hosler, Officer Dilger, CPL Williams, and Anthony Hauck. Clark alleges that defendants forced him to take his own blood after a nurse was unable to do so after several attempts.

On May 5, 2008, we conducted a screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We concluded that the complaint did not state a claim against defendant Kearnes, as he was not mentioned anywhere in plaintiff's factual

1

allegations. Therefore, we dismissed the complaint as to defendant Kearnes and ordered service on the remaining defendants.

On June 19, 2008, defendants Hosler, Dilger, Williams, and Hauck filed a motion to dismiss. (Rec. Doc. No. 13.) Opposing and reply briefs have been filed and the matter is ripe for disposition. For the following reasons, the court will deny the motion. Additionally, we will seek counsel for plaintiff.

**DISCUSSION:**

### I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should only be dismissed if, accepting as true all of the allegations in the

complaint, plaintiff has not plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II. Allegations in the Complaint

The following allegations are taken from plaintiff's complaint. (Rec. Doc. No. 1.) On February 26, 2008, at the Lebanon County Correctional Facility, defendant Williams called plaintiff down to the medical facility. (Id. at 2.) When he arrived, nurse Hosler unsuccessfully attempted to extract a blood sample. (Id. at 2.) According to plaintiff, "She said my veins were too blown out, so Officer Dilger said, 'Let him get it. I'm sure he'll succeed at it.' So nurse Hosler handed me the needle. I said to her, 'I don't think I should do this. I'm still withdrawing from drugs. She told me to just do it. So I did. I felt pressured to do it. Since Mr.

3

Hauck kept saying if I didn't do it he will send me back to the blocks because of my attitude." (Id. at 2) (spelling and punctuation corrected from original).  Plaintiff contends that his arm has hurt since this incident occurred.

### III.  Defendants' Motion to Dismiss

In their motion, defendants construe plaintiff's claims as being brought under the Fourth and Fourteenth Amendments.  Specifically, they contend that plaintiff has failed to state a Fourth Amendment claim because the taking of blood samples is not an illegal search.  (Rec. Doc. No. 14, at 5-7.)  Furthermore, they contend that plaintiff has failed to state a Fourteenth Amendment claim because under an Excessive Force theory because he has failed to plead that defendants acted sadistically to cause him harm and only de minimus force was used.  (Id. at 7-10.)  Finally, they contend that the complaint fails to state a claim against defendant Williams because "Defendant Williams is alleged to have done nothing more than call plaintiff to the medical facility."  (Id. at 3.)

As to defendants' arguments under the Fourth Amendment, we note that in his opposition brief, plaintiff concedes that the taking of blood samples does not violate the Fourth Amendment and states that his claim is based on the Eighth Amendment based on his allegations that defendants forced him to take his own blood.  (Rec. Doc. No. 17, at 3.)  Therefore, because plaintiff's claim does not

4

appear to be based on the Fourth Amendment, we need not consider this argument any further.

As to defendants' arguments under the Fourteenth Amendment, we initially note that because plaintiff is a pretrial detainee, he must properly bring his excessive force claim under the Fourteenth Amendment's due process provisions, rather than the Eighth Amendment's prohibitions against cruel and unusual punishment. Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000). This is because the Eighth Amendment Cruel and Unusual Punishment Clause was designed to protect those convicted of crimes and therefore applies after conviction and sentence. Id. at 344 n. 11. Yet, under the Fourteenth Amendment, a pretrial detainee is entitled to no less protection than a sentenced inmate is entitled to under the Eighth Amendment. Id. at 344 (citing Colburn v. Upper Darby Township, 838 F.2d 663, 668 (3d Cir. 1988)).

Defendants cite Ali v. McAnary for the proposition that "an inmate being repeatedly stuck with a hypodermic needle in an attempt to obtain a blood sample, without more, does not evidence cruel and unusual punishment or the unnecessary and wanton infliction of pain." 262 Fed.Appx. 443, 446 (3d Cir. 2008). Yet, the instant case is easily distinguishable from Ali. Plaintiff alleges that defendants made him take his blood himself. In other words, plaintiff alleges that defendants

made him perform a medical procedure upon himself.  If true, we believe this would constitute cruel and unusual punishment.  Therefore, we will decline to dismiss plaintiff's claim under the Fourteenth Amendment.

Finally, defendants argue that defendant Williams should be dismissed because "Defendant Williams is alleged to have done nothing more than call plaintiff to the medical facility."  (Rec. Doc. No. 14, at 3.)  In order to render defendant Williams personally liable under § 1983, plaintiff must show that defendant participated in violating his rights, directed others to violate them, or, as one in charge, had knowledge of and acquiesced in his subordinates' violations.  Baker v. Monroe Twp., 50 F.3d 1186, 1190-1191 (3d Cir. 1995).  It is true that plaintiff initially failed to allege any of these situations in his complaint.  In his opposition brief, however, plaintiff alleges that defendant Williams was also present and actively participated in the coercion and threatening toward plaintiff.  (Rec. Doc. No. 17, at 3.)  The Supreme Court has stated that pro se complaints are to be read liberally.  Estelle v. Gamble, 429 U.S. 97 (1976); see also Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002).  Plaintiff has alleged Williams' involvement on the face of the complaint and has clarified it in his opposition brief.  Construing the complaint liberally in light of this additional filing, we find that plaintiff has sufficiently asserted defendant Williams' involvement in what is

alleged to have occurred and that he is sufficiently on notice of the allegations against him.  Therefore, we will decline to dismiss the complaint as to defendant Williams.

### IV.  Appointment of Counsel

We have authority to seek counsel for an indigent litigant in a civil case pursuant to 28 U.S.C. § 1915(e)(1).  In Tabron v. Grace, the Third Circuit announced the factors that are to be considered by a district court in deciding whether to seek counsel for an indigent litigant in a civil case.  6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).  Under Tabron, the first consideration by a district court should be whether the petitioner's claim has "some merit in fact and law."  Parham v. Johnson, 126 F.3d 454, 457 (3d Cir.1997) (citing Tabron, 6 F.3d at 157).  Only after determining that the claim has some merit should the court consider these six additional factors:  (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such an investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can obtain and afford counsel on his own behalf.  Id. at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n. 5).

As to the threshold factor of whether plaintiff's claim has merit, as we have already discussed in denying defendants' motion to dismiss, we believe that plaintiff's claims have merit if we assume that his allegations are true.  Turning our consideration to the remaining six factors in Tabron, we believe they also weigh in favor of seeking counsel for plaintiff.  As to the first factor, plaintiff contends that he "has limited access to the law library and limited knowledge of the law.  It also takes weeks to receive law books." (Rec. Doc. No. 11, at 1.)  He also alleges that his case will likely involve conflicting testimony, and that the assistance of counsel would better enable him to examine and cross-examine witnesses.  (Id.)  Therefore we find that the first factor thus weighs in favor of seeking counsel.  As to the second factor, although this case does not appear to be factually complex, it does contain an unusual fact pattern.  In other words, this court is unaware of any other cases in which a plaintiff alleged that a state actor forced the plaintiff to perform a medical procedure upon themselves.  Thus, this factor weighs slightly in favor of seeking counsel as well.  As to the third factor, plaintiff's claim will likely depend on factual investigation.  As plaintiff is incarcerated in a facility where the defendants are also employed, it would be difficult for plaintiff to adequately conduct this investigation.  This factor therefore weighs in favor of seeking counsel.  As to the fourth factor, it is likely that this case will involve credibility

determinations in the likely event that defendants dispute plaintiff's version of the facts.  Thus, this factor weighs in favor of seeking counsel as well.  Finally, as to the fifth factor, it is not clear at this stage whether expert witnesses will be required but it does appear possible that they may be required to testify concerning procedures concerning the drawing of blood.  Therefore, this factor weighs slightly in favor of seeking counsel.

Therefore, we find that the factors set out in <u>Tabron</u> weigh in favor of seeking counsel for plaintiff and will therefore do so.  Due to the fact that we are seeking counsel <u>sua</u> <u>sponte</u>, we inform plaintiff that he is not required to accept counsel in the event that counsel is found.  If plaintiff desires to proceed on his own, he may do so and we will revoke the portion of this order which seeks counsel for plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

   1. Defendants Hosler, Dilger, Williams, and Hauck's motion to dismiss is DENIED. (Rec. Doc. No. 13.)
   2. The pro bono chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association is requested to seek the services of a

volunteer attorney to represent Jonathan Clark.

3. Within thirty (30) days of the date of this order, the pro bono chair shall inform the court as to whether a volunteer attorney will enter his or her appearance on behalf of Jonathan Clark.

4. The clerk is directed to send a copy of this order to the pro bono chair of the Middle District of Pennsylvania Chapter of the Federal Bar Association.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge